**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **JEREMY FLOYD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11CV65 SNLJ |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

Plaintiff filed this lawsuit against a United States Probation Officer and seven Deputy United States Marshals labeled John Does 1 through 7 alleging that his personal property, including a necklace and a ring, was taken from him without due process when he was taken into custody pursuant to an arrest warrant. Plaintiff's lawsuit demanded the return of his property or damages amounting to twice the value of the jewelry so that he may replace the custom jewelry at today's costs. Defendants filed a motion to dismiss all claims, which was granted. Plaintiff appealed. The Eighth Circuit affirmed the dismissal of all claims against the probation officer and deputy marshals but found that plaintiff's complaint, liberally construed, alleged a claim against the government for return of his property under Federal Rule of Criminal Procedure 41(g) and remanded for consideration of that claim. Accordingly, after remand, plaintiff's sole claim is a motion for return of property under Rule 41(g) against the sole remaining defendant, United States of America. Defendant filed a motion for summary judgment (#39) on grounds that the property at issue is not in the government's possession. All responsive pleadings have been filed and this matter is ripe for disposition.

I.      **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all

conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion. Local Rule 4.01 (E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. ***All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party***.

(emphasis added). Even where all of movant's statements of fact are deemed admitted, the Court must look at the entire record to determine whether summary judgment is warranted. "The Eighth Circuit has determined that when a plaintiff fails to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*

With these principles in mind, the Court turns to the discussion.

**II.    Discussion**

As previously stated, plaintiff's sole claim is a motion for return of property under Rule 41(g), which provides: "A person aggrieved by an unlawful search and seizure of property or by

the deprivation of property may move for the property's return." Because the property was seized from plaintiff's possession, he is presumed to have a right to its return unless the government can show a legitimate reason otherwise. *See Jackson v. U.S.*, 526 F.3d 394, 397 (8th Cir. 2008). Here, the government filed a motion for summary judgment on the basis that the property at issue is not in the government's possession. If the government does not possess his property, it cannot return his property, and the Rule 41(g) motion would be properly denied. *See U.S. v. White*, 718 F.2d 260, 261 (8th Cir. 1983). As a result, if the government meets its burden on summary judgment proving that the property is not in its possession, plaintiff must present affirmative evidence and specific facts by affidavit or other evidence showing that there is a genuine dispute as to whether the property is in the government's possession to avoid summary judgment.

The government submitted the affidavit testimony of a Cape Girardeau County Sheriff's Deputy, a Probation Officer, and a Deputy United States Marshal in support of its Statement of Uncontroverted Material Facts. Plaintiff's response did not specifically controvert the government's statements of fact. Although plaintiff did not controvert the government's statement of facts, plaintiff submitted three declarations in response to the government's three declarations. Each of plaintiff's declarations begins with a statement that the declaration [of each witness offered by the government] "is false on some information of facts" and then plaintiff proceeds to list his own statements of fact, arguments, and questions. The declarations offered by plaintiff do not meet the requirements for a declaration or affidavit. Nonetheless, setting aside the arguments, questions, and self-serving conclusory statements, the Court has reviewed the facts offered by plaintiff in his declarations in its consideration of this motion.

Because plaintiff failed to specifically controvert the government's statement of facts, those facts are deemed admitted for purposes of summary judgment. *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The facts that are deemed admitted are set forth below.[1]

On February 8, 2011, plaintiff reported to the probation office for the United States District Court, Southeastern District of Missouri, and was taken into custody pursuant to an arrest warrant. Consistent with customary practices, when he was taken into custody, all of his belongings, including his jewelry, were taken and put into an envelope. Plaintiff and his belongings were transferred to the United States Marshals Service. While plaintiff was in the custody of the United States Marshals Service pursuant to the warrant, he was housed at the Cape Girardeau County Sheriff's Department. Plaintiff and his belongings were transferred to the Cape Girardeau County Sheriff's Department. Plaintiff's belongings that were taken on February 8, 2011 at the time of his arrest are no longer in the custody of the United States Marshals Service.

While plaintiff was being held at the Cape Girardeau County Sheriff's Department, he authorized the release of his property to his sister-in-law, Candice Floyd. On February 23, 2011, the Cape Girardeau County Sheriff's Department released plaintiff's personal property, including two necklaces and two rings, to Mrs. Floyd. A Sheriff's Deputy personally witnessed the release of the property to Mrs. Floyd and signed the property release form. Mrs. Floyd's name also appears on the property release form.

---

[1] The facts listed are supported by appropriate citations to the record as required by Local Rule 4.01(E).

In addition to the government's statement of facts, the Sheriff's Deputy's affidavit and supporting exhibits evidence the following facts: Prior to transferring the property to Mrs. Floyd, the Sheriff's Deputy looked in the envelope that contained the property and noted that it contained a pack of cigarettes, a small lighter, a watch, a photo ID, two rings, and two necklaces. The Sheriff's Deputy confirmed the contents of the envelope with plaintiff and obtained his authorization, including his signature on the property release form, to release the property to Mrs. Floyd.

This Court has reviewed the materials offered by plaintiff in opposition to the motion to determine whether there is a genuine issue of material fact and whether plaintiff has produced sufficient evidence in opposition to the motion to support his claim against the government for return of property. Reviewing the facts in a light most favorable to the plaintiff and giving the plaintiff the benefit of any inferences that logically can be drawn from those facts, the Court finds that plaintiff has failed to controvert, or create any genuine dispute as to, the fact that his property is no longer in the government's possession.

In opposition to the motion, plaintiff offers a 38 page hand-written document that consists of his own self-serving statements, numerous accusations and questions, and suggestions that there should be a written inventory and video footage that "will shed all evidence we need to support my allegations and will show specific facts that are genuine for trial." Plaintiff begins his response with "Defendant's assertion that my property is not in the Government's possession is probley [sic] true . . . ." He complains that he was not given an inventory of the personal items taken when he was arrested and that he has not been given a copy of the "chain of command" for his personal property. Plaintiff expresses his opinion that regardless of whether his property is in the government's possession, the government is responsible for it and should pay him damages

for his "lost or stolen" property. He alleges that his property was not transferred with him to the Cape Girardeau County Sheriff's Department and instead, did not arrive there until a few weeks later, but he offers nothing to support his allegation. Plaintiff alleges that Mrs. Floyd only received one ring and one necklace but, again, he offers nothing to support his allegation. Regardless, the issue at hand is solely whether plaintiff's property is in the government's possession for purposes of the Rule 41(g) motion to return property.

The evidence offered by the government unequivocally establishes that plaintiff's personal property taken at the time of his arrest pursuant to the warrant was transferred to the Cape Girardeau County Sheriff's Department. Plaintiff has not offered any facts that create a genuine dispute as to the transfer of his property and instead offers nothing more than a self-serving conclusory diatribe.

### III.   CONCLUSION

Because there is no genuine issue as to the fact that the property at issue is not in the government's possession, summary judgment in the government's favor on the Rule 41(g) motion is warranted. Accordingly, defendant's motion for summary judgment (#39) is granted and judgment is entered in favor of defendant with each party to bear his or its own costs.

Dated this 20th  day of November, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE